# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————

No. 16-41216

————

United States Court of Appeals
Fifth Circuit

**FILED**
September 6, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ROBERTO CARLOS LARA-DIAZ,

Defendant-Appellant

————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:16-CR-735-1

————

Before REAVLEY, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Roberto Carlos Lara-Diaz pleaded guilty to being an alien unlawfully found in the United States after a previous deportation in violation of 8 U.S.C. § 1326(a) and (b).  The district court sentenced him to an above-guidelines sentence of 30 months of imprisonment.

Lara-Diaz argues that his sentence is procedurally unreasonable. Because he did not raise this objection in the district court, we review for plain error only.  *See Puckett v. United States*, 556 U.S. 129, 135 (2009). To show

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

plain error, Lara-Diaz must show a forfeited error that is clear or obvious and that affects his substantial rights. *See id.* If he makes such a showing, we have the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See id.*

Lara-Diaz argues, and the Government concedes, that the district court clearly or obviously erred when it failed to give notice of its intent to depart upward from the guidelines range as required by Federal Rule of Criminal Procedure 32(h). He has not shown that the error affected his substantial rights because he has not shown that he would have received a lesser sentence if the district court had given notice of such intent. *See United States v. Rivera*, 784 F.3d 1012, 1018 (5th Cir. 2015).

In addition, Lara-Diaz contends that the district court did not provide him an adequate opportunity for allocution because it interrupted his counsel as she attempted to respond to the Government's request for an upward departure based on his arrest for sexual abuse. Defense counsel asked for a sentence below the guidelines range and stressed that Lara-Diaz came back to the United States in hopes of earning money for his daughter's college education. Lara-Diaz apologized for his actions and reiterated his desire to pay for his daughter's education. The district court complied with Rule 32(i)(4)(A) when it provided Lara-Diaz and his counsel a meaningful opportunity to speak and offer mitigating evidence. *See United States v. Wright*, 777 F.3d 769, 784 (5th Cir. 2015); FED. R. CRIM. P. 32(i)(4)(A).

Lara-Diaz also argues that his sentence is procedurally unreasonable because the district court impermissibly relied on a bare arrest record when it sentenced him above the guidelines range. The presentence report contained more than a bare arrest record. Because the undisputed factual account of his arrest and conviction had an adequate evidentiary basis with sufficient indicia

of reliability, the district court did not err.  *See United States v. Zuniga*, 720 F.3d 587, 590-91 (5th Cir. 2013); *United States v. Windless*, 719 F.3d 415, 420 (5th Cir. 2013).

Finally, Lara-Diaz asserts that the district court imposed a substantively unreasonable sentence because it considered factors already taken into account by the guidelines and it impermissibly relied on his arrest for sexual abuse.  It is within a sentencing court's discretion to afford extra weight to circumstances already incorporated in the guidelines.  *United States v. Key*, 599 F.3d 469, 475 (5th Cir. 2010).  The district court's reasons for imposing an upward departure advanced the goals of 18 U.S.C. § 3553(a), were authorized by § 3553(b)(1), and were justified by the facts of this case and, thus, the district court did not abuse its discretion.  *See United States v. Saldana*, 427 F.3d 298, 310 (5th Cir. 2005).

AFFIRMED.